**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: ASHINC Corp., et al., | : | |
| | : | |
| Debtor. | : | |
| _____ | : | |
| YUCAIPA AMERICAN ALLIANCE | : | |
| FUND I, L.P., and YUCAIPA AMERICAN | : | |
| ALLIANCE (PARALLEL) FUND I. L.P., | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 21-994-CFC |
| | : | |
| CATHERINE E. YOUNGMAN, as | : | Bankr. Case No. 13-50530 |
| Litigation Trustee for ASHINC Corp. et al., | : | BAP No. 21-50 |
| as successor to the Official Committee | : | |
| of Unsecured Creditors of ASHINC | : | |
| Corporation, and its affiliated debtors | : | |
| | : | |
| Appellee. | : | |
| _____ | : | |
| In re: ASHINC Corp., et al., | : | |
| | : | |
| Debtor. | : | |
| _____ | : | |
| YUCAIPA AMERICAN ALLIANCE | : | |
| FUND I, L.P., and YUCAIPA AMERICAN | : | |
| ALLIANCE (PARALLEL) FUND I. L.P., | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 21-995-CFC |
| | : | |
| CATHERINE E. YOUNGMAN, as | : | Bankr. Case No. 12-11564 (CSS) |
| Litigation Trustee for ASHINC Corp. et al., | : | Bankr. Case AP No. 14-50971 (CSS) |
| as successor to BDCM OPPORTUNITY | : | BAP No. 21-51 |
| FUND II, LP, BLACK DIAMOND CLO | : | |
| 2005-1, LTD., SPECTRUM INVESTMENT | : | |
| PATRTNERS, L.P., BLACK DIAMOND | : | |
| COMMERCIAL FINANCE, L.L.C., as co- | : | |
| administrative agent, and SPECTRUM | : | |
| COMMERCIAL FINANCE LLC, as co- | : | |

administrative agent,                          :
                                               :
                          Appellees.           :
_____ :

## **RECOMMENDATION**

At Wilmington this **2nd** day of **August, 2021**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

The parties participated in several mediation over the years which addressed the claims asserted in the underlying Bankruptcy Court adversary proceedings involved in the present Appeals to this Court.  Initially, the parties mediated with the Honorable Robert D. Drain with the final mediation session occurring on November 2, 2018.  These efforts were unsuccessful in reaching a settlement.

Thereafter, the parties attempted another mediation with the Honorable Daniel Weinstein (retired) and Jed. D. Melnick (of JAMS) in October 2019.  This mediation session did not result in a resolution.

In late 2020, Judge Weinstein and Mr. Melnick participated in discussions which resulted in a settlement of all claims against the previously named individual defendants, who were subsequently dismiss in December 2020.

Appellants are interested in further mediation to try to resolve the Appeals in this Court and strongly prefer mediation be conducted with Judge Weinstein and Mr. Melnick because of their familiarity with this matter.  They seek a referral for mediation

2

before Judge Weinstein and Mr. Melnick and to defer setting a briefing schedule until after this mediation is conducted.

The Litigation Trustee is also willing to participate in further mediation to resolve the Appeals, provided that mediation have no impact on the timing of the stay of judgment currently extended through and including August 3, 2021.  The Trustee agrees that additional mediation should be undertaken by Judge Drain or, alternatively, Judge Weinstein and Mr. Melnick due to their familiarity with this matter.

Therefore, the parties clearly are interested in further mediation to try settle the disputes involved in this Appeal.  The primary issue is the timing of mediation, with the Litigation Trustee requiring that mediation occur before the end of Current Stay, that is by the end of August 3, 2021.

Since this Judge was advised of the parties' positions on Friday, July 29, 2021, the Litigation Trustee's requirement that any further mediation occur by the end of August 3, 2021 is unrealistic.  Although an Oral Order was entered by this Judge on July 8, 2021 giving the parties until July 29, 2021 to advise in a joint written submission their respective positions and reasoning on mediation, when this Oral Order was entered, this Judge was unaware of the history of settlement efforts between these parties, as well as their continued interest in mediation.  In fact, one purpose of their letter was to provide this Court information regarding the parties' prior mediation efforts.

Further, pursuant to this Court's Standing Order dated September 11, 2012 regarding procedures to govern mediation of all appeals from the Bankruptcy Court, automatically places all Bankruptcy Court appeals in Mandatory Mediation, which means that the present Appeals remain in Mandatory Mediation.

3

THEREFORE, IT IS RECOMMENDED that:

1.  These appeals remain in Mandatory Mediation;

2.  Because of their familiarity with the issues involved, these appeals be referred to Judge Weinstein and Mr. Melnick for further mediation;

3.  The Stay in these appeals be extended until the further mediation efforts recommended herein are completed;

4.  No briefing schedule be entered until after further mediation with Judge Weinstein and Mr. Melnick is completed.  If mediation is unsuccessful, the Parties shall submit a proposed stipulated briefing order for this Court's approval.

The parties are advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.  Local counsel are obligated to inform out-of-state counsel of this Recommendation.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge